IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 7, 2007

**STATE OF TENNESSEE v. BILLY JOHN KIMMES**
**Appeal from the Circuit Court for Madison County**
**No. 06-293   Roger A. Page, Judge**

---

**No. W2007-00022-CCA-R3-CD  - Filed September 14, 2007**

---

The defendant was convicted by a Madison County jury of theft of property valued at $10,000 or more, a Class C felony, and sentenced to five years in prison as a Range I, standard offender.  On appeal, the defendant contends that the evidence produced at trial was insufficient to support the jury's guilty verdict, and he also contends that his sentence was excessive, both in the length of the sentence and the trial court's failure to impose an alternative sentence.  After reviewing the record, we conclude that the evidence produced at trial was sufficient to support the defendant's conviction, and that the sentence imposed by the trial court was appropriate.   Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

George Morton Googe, District Public Defender; Gregory D. Gookin and Paul E. Meyers, Assistant District Public Defenders, for the appellant, Billy John Kimmes.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; Angela Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

At trial, Officer Barry Austin with the Jackson Police Department testified that on February 12, 2006, he took a police report regarding a tractor-trailer that was reported stolen from Quality Outdoor Products, a Jackson business.  Officer Austin testified that he took a statement from Jerry Holt, the company's president, and then filed his report, which contained the truck's license plate number, color, model, and year, into the NCIC database.

Mr. Holt testified that he had last seen the truck on February 10, 2006, parked at his business located at 899 Highland Avenue, in Jackson, Madison County. He testified that although his trucks were frequently left unlocked and the keys hidden inside, nobody had permission to use the stolen tractor-trailer. Mr. Holt testified that he did not know the defendant prior to trial. Mr. Holt described the vehicle as a 1999 International tractor trailer, and he testified that at the time he reported the truck missing, he gave police information regarding the truck, including its Vehicle Identification Number (VIN), United States Department of Transportation number, license plate, color, and identifying markings including the company logo. He testified that he had bought the tractor-trailer a few months before he reported it stolen, paying $20,000 for the truck and $3000 for the trailer.

Mr. Holt testified that a few days after he reported the truck stolen, a detective from Texas informed him that the truck had been located in Texas. Mr. Holt testified that he made arrangements to bring the tractor-trailer back to Jackson. He testified that the truck he retrieved from Texas was the one that he had reported as stolen.

Officer Hans Bryson with the Dallas, Texas police department testified that on February 14, 2006, he was on routine patrol when he noticed a gold tractor-trailer parked at a vacant gas station next to a Post Office. Upon running the truck's license plate number through NCIC, Officer Bryson discovered that the truck had been reported stolen from Jackson, Tennessee, two days earlier. Shortly after he first noticed the truck, Officer Bryson saw the truck pull out of the parking lot and drive away. He then called for backup, and ultimately "half a dozen Dallas police cars" and a police helicopter chased the tractor-trailer on Interstate 45 in Dallas. Ultimately, the police stopped the vehicle. Officer Bryson testified that two other persons with whom he was familiar exited the vehicle's passenger side. These persons were not arrested in connection with the theft of the truck. The defendant was pulled from the driver's side at gunpoint and arrested. Officer Bryson testified that he had never met the defendant prior to his arrest.

Detective David Wallace with the Dallas Police Department testified that he arrived at the scene of the defendant's arrest after the truck had been stopped and the defendant arrested. Detective Wallace testified that he asked the defendant, who had been read his Miranda rights by Officer Bryson, where he lived. Detective Wallace testified that the defendant either replied "I live in Tennessee" or "I'm coming from Tennessee." Detective Wallace said that he was unable to hear the exact substance of the defendant's reply because of the large amount of traffic on the Interstate. When Detective Wallace informed the defendant that the truck had been reported stolen from Tennessee, the defendant refused to answer any other questions. Detective Wallace testified that he did not question the other two persons found inside the truck when it was stopped.

The defendant did not testify or present witnesses on his behalf. The jury found the defendant guilty of theft of property valued at $10,000 or more, and at the sentencing hearing, the trial court sentenced the defendant to five years in prison. This appeal follows.

SUFFICIENCY OF EVIDENCE

The defendant contends that the evidence produced at trial was insufficient to support his conviction. Specifically, the defendant contends that the state has not produced sufficient evidence to establish that he committed the offense in Madison County. We disagree.

An appellate court's standard of review when the defendant questions the sufficiency of the evidence on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) (emphasis in original). The appellate court does not reweigh the evidence; rather, it presumes that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions regarding witness credibility, conflicts in testimony, and the weight and value to be given to evidence were resolved by the jury. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). A guilty verdict removes the presumption of innocence and replaces it with a presumption of guilt, and on appeal the defendant has the burden of illustrating why the evidence is insufficient to support the jury's verdict. Id.; State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This standard applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. State v. Pendergrass, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999).

The defendant was convicted of committing theft of property valued at $10,000 or more. In Tennessee, "[a] person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103 (2006). The unexplained "[p]ossession of recently stolen goods gives rise to an inference that the possessor has stolen them." State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995) (citing Bush v. State, 541 S.W.2d 391, 394 (Tenn. 1976)). In addition to proving the elements of a criminal offense beyond a reasonable doubt, Tenn. Code Ann. § 39-11-201(a)(1)-(4) (2006), "[t]he state has the burden to prove that the offense was committed in the county of the indictment." State v. Smith, 926 S.W.2d 267, 269 (Tenn. Crim. App. 1995) (citations omitted); see Tenn. Code Ann. § 39-11-201(e). Because venue is not an element of a criminal offense, proof of venue "may be shown by a preponderance of the evidence, which may be either direct, circumstantial, or a combination of both." Smith, 926 S.W.2d at 269 (citation omitted).

In this case, the evidence produced at trial established that the defendant was driving the tractor-trailer when it was stopped in Dallas, and the defendant did not offer an explanation as to how he came into possession of the truck. Furthermore, the truck's owner testified that the defendant did not have permission to drive the truck. This evidence was sufficient for a jury to find

that the defendant committed the elements of theft of property beyond a reasonable doubt. Regarding venue, at the time the defendant was arrested, he told police that he was from or had recently been to Tennessee. This statement, coupled with the owner's testimony that the truck was taken from his business, which was located in Madison County, was sufficient to establish by a preponderance of the evidence that the defendant committed the offense in Madison County. Our court has similarly held that in theft cases where the evidence established that property was taken from one county and the defendant exercised control of the property in another county, venue was proper in the county wherefrom the property was taken. State v. Gene Allan Logue, No. W1999-01795-CCA-R3-CD, 2000 WL 1843248, at *3 (Tenn. Crim. App. at Jackson, Dec. 15, 2000); State v. Oscar Randall Hopkins, No. 01C01-9308-CC-00271, 1994 WL 390428, at *2 (Tenn. Crim. App. at Nashville, July 28, 1994). As such, the defendant is denied relief on this issue.


## EXCESSIVE SENTENCE


The defendant contends that the trial court erred in sentencing him to five years in prison and refusing to impose an alternative sentence. We disagree.


### *Standard of Review*


An appellate court's review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d) (2006). As the Sentencing Commission Comments to this section note, on appeal the burden is on the defendant to show that the sentence is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, the court may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).


However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this respect, for the purpose of meaningful appellate review,


> [T]he trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence.

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994) (citation omitted); see Tenn. Code Ann. § 40-35-210(e) (2006).

*Length of Sentence*

The defendant was convicted of theft of property valued at $10,000 or more, a Class C felony. Tenn. Code Ann. §39-14-105(4) (2006). The sentence range for a Class C felony where the defendant is sentenced as a Range I, standard offender is three to six years in prison. Tenn. Code Ann. § 40-35-112(a)(3) (2006). Tennessee's revised sentencing act provides:

> (c) The court shall impose a sentence within the range of punishment, determined whether the defendant is a mitigated, standard, persistent, career, or repeat violent offender. In imposing a specific sentence within the range of punishment, the court shall consider, but is not bound by, the following advisory sentencing guidelines:
>
> > (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and
> >
> > (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210. The weight to be afforded an enhancement or mitigating factor is left to the trial court's discretion so long as its use complies with the purposes and principles of the 1989 Sentencing Act and the court's findings are adequately supported by the record. Id. § (d)-(f); State v. Moss, 727 S.W.2d 229, 237 (Tenn. 1986); see Ashby, 823 S.W.2d at 169.

While the court can weigh sentence enhancement factors as it chooses, the court may only apply the factors if they are "appropriate for the offense" and "not themselves essential elements of the offense." Tenn. Code Ann. § 40-35-114 (2006). These limitations exclude enhancement factors "based on facts which are used to prove the offense" or "facts which establish the elements of the offense charged." Jones, 883 S.W.2d at 601. Our supreme court has stated that "[t]he purpose of the limitations is to avoid enhancing the length of sentences based on factors the Legislature took into consideration when establishing the range of punishment for the offense." State v. Poole, 945 S.W.2d 93, 98 (Tenn. 1997); Jones, 883 S.W.2d at 601.

In conducting its de novo review, the appellate court must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 (2006); see State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991); State v. Moss, 727 S.W.2d 229, 236-37 (Tenn. 1986).

In this case, the trial court considered one enhancement factor and one mitigating factor. The enhancement factor was the defendant's history of criminal convictions or criminal behavior, Tenn. Code Ann. § 40-35-114(1), and the mitigating factor was the fact that "[t]he defendant's criminal conduct neither caused nor threatened serious bodily injury," Tenn. Code Ann. § 40-35-113(1). Regarding the enhancement factor, the sentencing report indicated that the defendant had one prior felony conviction, a 1992 felony conviction in Wisconsin for burglary. The defendant also had several misdemeanor convictions, including a 1992 conviction in Wisconsin for disorderly conduct, two Tennessee convictions for driving on a revoked license, a 2000 Tennessee conviction for criminal trespassing, and a 2000 Tennessee conviction for misdemeanor assault. At the sentencing hearing, the defendant also expressed remorse for his actions.

The enhancement factors applied by the trial court were supported by the record, as is required by the sentencing guidelines, and the trial court's imposed sentence was within the statutorily-defined range. The trial court's decision to impose a five-year prison sentence after weighing the enhancement and mitigating factors and the defendant's statement of remorse was within the court's discretion. Thus, we conclude that the trial court did not abuse its discretion in imposing a five-year prison sentence and accordingly deny the defendant relief on this issue.

*Alternative Sentencing*

In determining whether incarceration or an alternative sentence is most appropriate, a trial court should consider whether (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses, or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant. Ashby, 823 S.W.2d at 169 (citing Tenn. Code Ann. § 40-35-103(1)(A)-(C)). The trial court shall also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). In addition, a trial court should consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code. Ann. § 40-35-103(5); Boston, 938 S.W.2d at 438. A defendant convicted of a Class C, D, or E felony and sentenced as an especially mitigated or standard offender "should be considered as a favorable

candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (2006). However, under the revised Sentencing Act, "[a] court shall consider, but is not bound by, this advisory sentencing guideline." Id. Furthermore, although probation must be considered, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b) (2006), Sentencing Comm'n Comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991).

In denying alternative sentencing, the trial court applied the "confinement is needed to avoid depreciating the seriousness of the offense" and "less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant" factors enumerated in Tennessee Code Annotated section 40-35-103(1)(B) and (C). The application of these factors, as well as the other principles of sentencing, in denying the defendant an alternative sentence was within the trial court's discretion, and the defendant has failed to show that the trial court abused its discretion in denying an alternative sentence. Thus, the defendant is denied relief on this issue.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
_____ D. KELLY THOMAS, JR., JUDGE